SSGT GARRETT BURN, et al., )
on their own behalf and on behalf of others )
similarly situated, )
                                          )
        Plaintiffs, )
                                          )        CONSENT CONFIDENTIALITY
v.                                          )        AND PROTECTIVE ORDER
                                          )
LEND LEASE (US) PUBLIC )
PARTNERSHIPS LLC, et al., )
                                          )
        Defendants. )

Before the Court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After due consideration, it is hereby ORDERED as follows:

1. **Applicability of Order**

This Protective Order applies to the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties joined in or providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, for the sole purpose of facilitating discovery and the conduct of hearings in this case. This Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing that involves issues related to the enforcement of any provision of this Protective Order.

2. **Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving

1

persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3. **Qualified Persons**

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

    i. retained counsel for the parties in this litigation and their respective staff, as well as in-house counsel (inclusive of any attorneys employed or engaged by any Defendants or their insurance carrier(s));

    ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

    iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b. For Confidential information:

    i. the persons identified in subparagraph 2(a);

    ii. the supplying or receiving party, if a natural person;

    iii. if the supplying or receiving party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv. litigation vendors, court reporters, and other litigation support personnel;

    v. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c. Such other person as this court may designate after notice and an opportunity to be heard.

4. **Designation Criteria**

   a. *Non-Confidential Information.* Confidential Information shall not include information that either:

   i. is in the public domain at the time of disclosure, as evidenced by a written document;

   ii. becomes part of the public domain through no fault of any recipient, as evidenced by a written document;

   iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

   iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; and further provided that all records obtained by a party pursuant to a signed authorization from the opposing party shall remain Confidential Information.

   b. *Confidential Information.* A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

   Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, any medical records or health related information regarding any individual, individuals' personal information not available to the public, including telephone numbers, identification numbers, email addresses, home addresses, and other personal, financial, or intimate information of any type, personnel information and documents not related to Plaintiff, tenant identities, records, or other information maintained by the Defendants, any other category of information to which this Court subsequently affords confidential status, and other sensitive

3

Case 7:20-cv-00174-D  Document 60  Filed 06/13/22  Page 3 of 14

information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

    c.     *For Attorneys Only.* The designation "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, contracts, certain study methodologies, and protected health information. All records obtained by a party pursuant to a signed authorization from the opposing party shall be treated as Attorney's Eyes Only when received and for a period of 14 days following the production of such records to the party who signed the authorization, during which time period the party who provided the authorization may designate the records as Attorney's Eyes Only or Confidential. If no designation is made, the records shall cease to be designated as Confidential Information.

    d.     *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

4

Case 7:20-cv-00174-D   Document 60   Filed 06/13/22   Page 4 of 14

5. **Use of Confidential Information**

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

6. **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

7. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" or Attorneys' Eyes Only and is subject to the provisions of this Order. Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys' Eyes Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed. Specifically, if, during a deposition, a party intends to inquire about records that have been designated as Attorneys' Eyes Only, information derived therefrom, or protected health information, the deponent and his/her counsel may designate that portion of the transcript as Attorneys' Eyes Only and exclude from the deposition all persons who are not authorized to receive Attorneys' Eyes Only information.

8. **Disclosure to Qualified Persons**

a. *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party prior to making such disclosure and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of information designated Attorneys' Eyes Only shall be maintained only in the offices of outside counsel for the receiving

party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

    c.    Each party's outside counsel shall maintain a log of all copies of Attorneys' Eyes Only documents that are delivered to Qualified Persons.

9. **Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or Attorneys' Eyes Only documents, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

10. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys' Eyes Only during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential" or "Attorneys' Eyes Only" by the producing party.

11. **Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party

designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

12. **Challenging the Designation**

a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. The designating party shall then have 14 calendar days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court

8

for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

13. **Manner of Use in Proceedings**

In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

14. **Filing Under Seal**

Before filing any information that has been designated as Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, and Section V.G of the Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual, with notice served upon the producing party as follows:

V.G.1 Sealed Documents

(a) Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting

9

memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

**In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.**

The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for

order of the Court.

15. **Return of Documents**

Not later than 120 calendar days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

16. **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

17. **Advice to Clients**

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client,

the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

18. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

19. **Good Cause**

The Court finds good cause to treat information relating to the foregoing categories of information as confidential. Further, good cause exists to extend the protections of this Order after the conclusion of this litigation.

20. **Materials Containing Confidential Information**

Confidential Information may be contained in documents produced in discovery, deposition testimony, and exhibits, initial disclosures, interrogatory answers, responses to requests for admission, responses to any other discovery requests, exhibits, data compilations, electronic data, information derived directly therefrom, and any other type of information produced or disclosed in the course of discovery in this action.

21. **Survivability of this Order**

The provisions of this Protective Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation. This Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to the Protective Order as may be appropriate. Within thirty (30) days of the conclusion of this litigation by way of final judgment or otherwise, counsel for the Parties shall meet and confer regarding any documents that counsel believes should not be subject to the confidentiality provision of this order. Any such

12

Case 7:20-cv-00174-D   Document 60   Filed 06/13/22   Page 12 of 14

document shall be identified by Bates number. In the absence of agreement, the issue shall be submitted to the court upon motion of a Party.

22. **Waiver**

Nothing in this Order shall impact or waive the Parties' separately Stipulated Federal Rule of Evidence 502(d) order.

23. **Non-Waiver of Attorney-Client Privilege and Work Product Protection**

The parties have stipulated that, pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection in order to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulation shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made in order to support an affirmative use of the Document in support of the party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

24. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this court modifying this Protective Order.

SO ORDERED, the 13 day of June, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

**AGREED AND APPROVED:**

*Attorneys for Plaintiffs:*

/s/David H. Wise
David H. Wise
John J. Drudi
WISE LAW FIRM, PLC
10640 Page Avenue, Suite 320
Fairfax, VA 22030
Telephone: (703) 934-6377
dwise@wiselaw.pro
jdrudi@wiselaw.pro

/s/Joel R. Rhine
Joel R. Rhine
Martin A. Ramey
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
jrr@rhinelawfirm.com
MJR@rhinelawfirm.com

/s/Mona Lisa Wallace
Mona Lisa Wallace
John S. Hughes
WALLACE AND GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
Telephone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

*Attorneys for Defendants:*

/s/ Hal J. Perloff
Hal J. Perloff
Michael Klebanov
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006-3606
Telephone: (202) 378-2300
hal.perloff@huschblackwell.com
michael.klebanov@huschblackwell.com

/s/Patrick M. Mincey
Patrick M. Mincey
Stephen J. Bell
CRANFILL SUMNER LLP
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
Telephone: (910) 777-6000
pmincey@cshlaw.com
sbell@cshlaw.com

14